JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WILLIE E BENNETT, et al. | ED SCHAFER, SECRETARY, THE UNITED STATES DEPARTMENT OF AGRICULTURE |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

POGUST BRASLOW & MILLROOD, LLC
161 WASHINGTON STREET, SUITE 1520
CONSHOHOCKEN, PA 19428

ATTORNEYS (IF KNOWN)

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 3 Federal Question (U.S. Government Not a Party)

⊙ 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| O A. Antitrust | O B. Personal Injury/ Malpractice | O C. Administrative Agency Review | O D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O E. General Civil (Other) | OR | O F. Pro Se General Civil | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. Labor/ERISA *(non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

SECTION 5402(B) OF THE FOOD AND ENERGY SECURITY ACT OF 2007 (PIGFORD CLAIMS REQUIRING "all claimants to file" IN THIS DISTRICT.

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ JURY DEMAND: | Check YES only if demanded in compla<br>YES ☐  NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☒  NO ☐ | If yes, please complete related case form. |
|---|---|---|---|

DATE  6/3/08          SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    **I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    **IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    **VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

1. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

| | (a) | relates to common property |
| ☒ | (b) | involves common issues of fact |
| ☒ | (c) | grows out of the same event or transaction |
| | (d) | involves the validity or infringement of the same patent |
| | (e) | is filed by the same pro se litigant |

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4. CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

TIMOTHY PIGFORD _____ v. _____ DAN GLICKMAN, U.S. DEP'T AGRIC. _____ C.A. No. 97-1978 PLF

6/3/08

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

WILLIE E BENNETT, et al.

**SUMMONS IN A CIVIL CASE**

V.

ED SCHAFER, SECRETARY, THE UNITED
STATES DEPARTMENT OF AGRICULTURE,
1400 INDEPENDENCE AVE, SW
WASHINGTON, D.C. 20250

CASE NUMBER:

TO: (Name and address of Defendant)

MICHAEL B. MUKASEY
US ATTORNEY GENERAL
US DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                                    DATE

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant. Place where served:

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

G   Returned unexecuted:

G   Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                          Date                            *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

WILLIE E BENNETT, et al.

**SUMMONS IN A CIVIL CASE**

V.

ED SCHAFER, SECRETARY, THE UNITED
STATES DEPARTMENT OF AGRICULTURE,
1400 INDEPENDENCE AVE, SW
WASHINGTON, D.C. 20250

CASE NUMBER:

TO: (Name and address of Defendant)

JEFFREY A. TAYLOR, US ATTORNEY
FOR THE DISTRICT OF COLUMBIA
501 4TH STREET, NW
WASHINGTON, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                          DATE

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

G   Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
              Date                      *Signature of Server*

                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

WILLIE E BENNETT, et al.

**SUMMONS IN A CIVIL CASE**

V.

ED SCHAFER, SECRETARY, THE UNITED
STATES DEPARTMENT OF AGRICULTURE,
1400 INDEPENDENCE AVE, SW
WASHINGTON, D.C. 20250

CASE NUMBER:

TO: (Name and address of Defendant)

ED SCHAFER, SECRETARY,
US DEPARTMENT OF AGRICULTURE
1400 INDEPENDENCE AVE., SW
WASHINGTON, D.C. 20250

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                                    DATE

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

**G**   Served personally upon the defendant. Place where served: _____

**G**   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

**G**   Returned unexecuted: _____

**G**   Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                       *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| WILLIE E BENNETT ) | |
| 1183 MARION AMOS RD ) | |
| ROSEBORO, NC 28382 ) | |
| ) | |
| JIMMIE  CONYERS (DECEASED) ) | |
| C/O GLORIA DAVIS ) | **Civil Action No.:** |
| 621 KINDALE PARK ROAD ) | |
| KINGSTREE, SC 29556 ) | |
| ) | |
| KATIE  CROSBY ) | |
| 11267 LUCAS LANE ) | |
| SOUTH JORDAN, UT 84095 ) | |
| ) | |
| LIZZIE  CYRUS ) | |
| 123 STOVER ROAD ) | |
| ROCHESTER, NY 14624 ) | |
| ) | |
| GLORIA  DAVIS ) | |
| 621 KINDALE PARK ROAD ) | |
| KINGSTREET, SC 29556 ) | |
| ) | |
| RANDALL  DEAN ) | |
| 104 STROMAN WAY ) | |
| WARNER ROBINS, GA 31088 ) | |
| ) | |
| JOHN  DOE ) | |
| 123 MAIN STREET ) | |
| ANYWHERE, PA ) | |
| ) | |
| MARY HELEN DOVE ) | |
| 160 CR 131 ) | |
| LOUIN, MS 39338 ) | |
| ) | |

CHARLENE  EASTERLING                          )
1003 JANESVILLE ROAD                          )
MOUNT OLIVE, MS 39119                         )
                                              )
ROOSEVELT  EDWARDS JR                         )
PO BOX 3371                                   )
MERCED, CA 95344                              )
                                              )
CHRISTOPHER C. FORTE                          )
105 BRIDGEPOINTE BLVD                         )
BRANDON, MS 39047                             )
                                              )
LORETTA  FOWLER                               )
3527 35TH STREET                              )
TUSCALOOSA, AL 35401                          )
                                              )
MAMIE  GARDLEY                                )
184 DURANVILLE DRIVE                          )
JACKSON, MS 39212                             )
                                              )
BOBBY  GIBSON                                 )
725 MAPLE STREET                              )
NATCHEZ, MS 39120                             )
                                              )
ROXIE  GRADY                                  )
1905 JACKSON CIRCLE                           )
DOUGLAS, GA 31533                             )
                                              )
EDWARD EARL GRAHAM                            )
300 SUMMERLINS CROSSROAD                      )
KENANSVILLE,, NC 28349                        )
                                              )
WALLACE  GRAHAM                               )
2253 HICKSON ROAD                             )
SCRANTON, SC 29591                            )
                                              )

2

MARY  GRIFFIN                           )
24 MCREAL DRIVE                         )
NEWTON, AL 36352                        )
                                        )
TERRY W. HAILEY                         )
701 DEANTOWN ROAD                       )
COLDWATER, MS 38618                     )
                                        )
ARNETHA  HALL                           )
294 JOE HOP WILLIAMS ROAD               )
BEULAVILLE, NC 28518                    )
                                        )
DWIGHT T. HALL                          )
260 JOE HOP WILLIAMS ROAD               )
BEULAVILLE, NC 28518                    )
                                        )
WILLIAM E. HALL                         )
294 JOE HOP WILLIAMS ROAD               )
BEULAVILLE, NC 28518                    )
                                        )
ANNIE  HENRY                            )
2551 BUCKHEAD ROAD                      )
MADISON, GA 30650                       )
                                        )
CAROLYN  HILL                           )
PO BOX 532                              )
GRAND JUNCTION, TN 38039                )
                                        )
ELLEN D. HOLMES                         )
1830 WILMINGTON HIGHWAY                 )
APARTMENT 111                           )
JACKSONVILLE, NC 28540                  )
                                        )
FREDDIE L HOWARD                        )
P.O. BOX 221                            )
AUTAUGAVILLE, AL 36003                  )
                                        )

3

BETTYE  JACKSON )
4211 IRONWOOD AVE )
BAKER, LA 70714 )
)
CARLOS  JEFFRIES )
26 LILLIE COVE )
HOLLY SPRINGS, MS 38635 )
)
JUANITA  JOHNSON )
812 W. BEAVER CIRCLE )
DOUGLAS, GA 31533 )
)
SHARRON V. JOHNSON )
1657 NORTH PARK AVENUE )
COLUMBUS, MS 39429 )
)
TERESA  JOHNSON )
612A WEST PHILLIP STREET )
DOUGLAS, GA 31533 )
)
NELSON M JOSEPH )
PO BOX 1222 )
ROSEBORO, NC 28382 )
)
THELMA  JOURNEY )
PO BOX 691 )
MONTEZUMA, GA 31063 )
)
DENNIS J. JULLIAN )
PO BOX 108 )
WHITE CASTLE, LA 70178 )
)
EDWARD J. LANGSTON )
381 PICKETT BAY ROAD )
CHINQUAPIN, NC 28521 )
)

4

DIANE R. LINSTON )
21506 CLARE AVENUE )
MAPLE HEIGHTS, OH 44137 )
)
MOLLIE MACK )
412 NORTH HILL STONE DRIVE )
OCILLA, GA 31774 )
)
DENNIS MCMILLIAN )
4044 OLD NATCHEZ ROAD )
HAZLEHURST, MS 39601 )
)
JOYNITA MURRAY )
2205 SECOND AVENUE EAST )
PALMETTO, FL 34221 )
)
JOYNITA MURRAY (NEE COGER) )
2205 SECOND AVE EAST )
PALMETTO, FL 34221 )
)
ROBERT NEWSON JR. )
7731 S. HERMITAGE )
CHICAGO, IL 60620 )
)
WILLIE D. AND WILLIE MAE OWENS )
32 BUSTER OWENS LANE )
COLLINS, MS 39428 )
)
WILLIE M. PACE (DECEASED) )
C/O DORTHA P JOHNSON )
1602 BELAIR CIRCLE )
DOUGLAS, GA 31533 )
)
JOE C PASSMORE )
568 CITY ROAD 3347 )
TRY, AL 36079 )
)

5

BEATRICE G. PETERS                    )
809 GAYLE STREET                      )
MOBILE, AL 36604                      )
                                      )
BETTY  REASE                          )
760 WOODROW HARPER ROAD               )
AMBROSE, GA 31512                     )
                                      )
CURTIS L. RUCKER                      )
7731 S. HERMITAGE                     )
CHICAGO, IL 60620                     )
                                      )
VICTORIA G. SMITH                     )
1609 BELAIR CIRCLE                    )
DOUGLAS, GA 31533                     )
                                      )
CHARLES  TALIAFERRO                   )
26520 HWY 84                          )
EVERGREEN, AL 36401                   )
                                      )
JUDY M WILLIAMS                       )
684 LAKEWOOD SCHOOL ROAD              )
SALEMBURG, NC 28385                   )
                                      )
LUCILLE  WILLIAMSON                   )
PO BOX 92                             )
LOUIN, MS 39338                       )
                                      )
JUANITA  WOODS                        )
6369 EAST TATE ROAD                   )
COLDWATER, MS 38618                   )
                                      )
HENRY C YOUNG                         )
10055 DENTONVILLE ROAD                )
OKMULGEE, OK 74447                    )
                                      )

6

|                                         |   |
|-----------------------------------------|---|
| PLAINTIFFS,                             | ) |
| v.                                      | ) |
|                                         | ) |
| ED SCHAFER, SECRETARY, THE UNITED       | ) |
| STATES DEPARTMENT OF AGRICULTURE,       | ) |
| 14TH AND INDEPENDENCE AVENUE, SW        | ) |
| WASHINGTON, D.C. 20250                  | ) |
|                                         | ) |
| DEFENDANT,                              | ) |
|                                         | ) |

## COMPLAINT - CIVIL ACTION

Plaintiffs, by and through their attorneys, POGUST & BRASLOW & MILLROOD,

LLC,  allege upon information and belief the following:

## NATURE OF ACTION

This case involves the United States Department of Agriculture's (herein "USDA"),

failure to adequately process, review, and adjudicate, claims made by African American farmers

for farm loans, credits, benefits, and participation in federal farm programs pursuant to the

settlement terms and consent decree entered into in the matter of *Timothy Pigford v. Dan*

*Glickman, Secretary, United States Department of Agriculture.*

1.     The USDA's Farm Service Agency ("FSA"), formed in 1994, provides commodity

program benefits including but not limited to deficiency payments, price support loans,

conservation reserve benefits, disaster payments, farm loans and other farm credits benefits to

U.S. farmers.

2.     Defendant Ed Schafer, Secretary of the United States Department of Agriculture

("USDA") is the federal official responsible for the administration of the FSA and administers

7

the federal farm programs through a review system consisting of: 1) county offices and committees, (2) state offices and committees, and (3) a federal level of review in Washington, D.C., the National Appeals Division ("NAD").

3.    The process by which farmers apply for FSA loans, included in pertinent part, an application and review through county and states offices, pursuant to 7 C.F.R. § 1910 *et. seq.*; 7 C.F.R. § Part 700, *et. seq.*, and Commodity Credit Corporation ("CCC") Regulations, 7 C.F.R. § 1400 *et .seq.*

4.    As a result of Title VI Civil Rights Act of 1964, the USDA promulgated regulations setting forth that "no person in the United States shall, on the ground race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity o fan applicant or recipient receiving Federal financial assistance from the Department of Agriculture or any Agency thereof." 7 C.F.R. § 15.1.

5.    Furthermore, the Equal Credit Opportunity Act ("EEOA") prohibits discrimination in the application of credit based on sex, martial status, race, color, age, or national origin, and religion.  15 U.S.C. § 1691(a).

6.    Despite the various federal standards and regulations, there arose among African-American farmers allegations of unfair and discriminatory treatment when applying to local county committees for farm loans and assistance.

7.    In 1983, the USDA disbanded its Office of Civil Rights and discontinued its investigation and adjudication of claims of discrimination, leaving a significant number of

8

African American farmers with unresolved Complaints.

8.     As a result, significant economic disparities continued to develop between African-American and white farmers, where "the participation of black farmers in the FHA loan program fell from 5.4 percent in 1980 to 1.5 in 1986 [where] between 1981 and 1984 the percentage of FHA loans going to whites increased from 87 to 91 percent."

9.     In response to such complaints, the USDA commissioned a study to "analyze the treatment of minorities … in FSA programs and study" and concluded that "minority participation in FSA programs was very low and received less than their fair share of USDA money for crop payments, disaster payments, and loans."

10.     In December of 1996, the USDA by way of former Secretary of Agriculture, Dan Glickman, appointed a Civil Rights Action Team (CRAT) and a USDA Civil Rights Task Force, which after examining the issue of discrimination, similarly concluded that "minority farmers have lost significant amounts of land and potential farm income as a result of discrimination by FSA programs and the programs of its predecessor agencies … the process for resolving complaints has failed … appeals are often delayed and for too long … favorable decisions are too often reversed."

11.     A separate report by the Office of Inspector General of the USDA also determined that "the USDA had a backlog of complaints of discrimination that had never been processed, investigated, or resolved."

9

12.    On August 28, 1997, three African American farmers on behalf of themselves

and a class six-hundred and forty-one other African American farmers, in the matter of

*Timothy Pigford v. Dan Glickman, Secretary, United States Department of Agriculture*, 185

F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 97-1978) filed in this Court, suit claiming

"racial discrimination in the administration of the USDA programs…" and claims for

violations of the Fifth Amendment; the Administrative Procedure Act, 5 U.S.C. § 551 et.

seq.; Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 2000d; and the Equal Credit

Opportunity Act ("ECOA"); and 15 U.S.C. § 1691.  *Id*. at 185 F.R.D. 82, 89 (1999).

13.    In July of 1998, another class action, *Cecil Brewington v. Dan Glickman,

Secretary, United States Department of Agriculture* 185 F.R.D. 82 (D.D.C. April 14,

1999) (NO. CIV. A. 98-1693), was filed with similar allegations and eventually

consolidated with *Pigford* matter. 185 F.R.D. 82, 89 (April 14, 1999).

14.    On April 14, 1999 this Court ordered by way of a Consent Decree, a settlement of

such discrimination claims, allowing class members to choose between two claims procedures,

known as Track A and Track B.

15.    Pursuant to the Consent Decree, a class member was eligible to participate in the

settlement if they met the following criteria: An African American who (1) farmed or attempted

to farm between January 1981 and December 31, 1996, (2) applied to USDA for farm credit or

program benefits and believes he or she was discriminated against by the USDA on the basis of

race, and (3) made a complaint against the USDA on or before July 1, 1997.

16.    In order to provide for relief for those class members that had "little in the way of

10

documentation or proof of either discriminatory treatment or damages suffered", Track A claimants were allowed to "meet only a minimal burden of proof (i.e. substantial evidence or reasonable basis for finding discrimination)". Upon the proof of such discrimination the claimant would be entitled to an award of $50,000.00.

17.   For Track B claims, claimants were required to prove discrimination by a "preponderance of evidence". Such claims were not limited by any cap on the damages recoverable.

18.   Since this Court's April 14, 1999 approval of the Consent Decree, a significant number of appeals, motions, and procedural amendments have followed, on the basis that the Consent Decree was "unfair in certain respects and should be set aside."

19.   Specifically, there is evidence of large percentage of denials among Track A and Track B Claimants, where African American farmers have experienced "poor access to USDA files" and therefore could not adequately demonstrate discrimination.

20.   Subsequent reports of the Consent Decree have similarly concluded that a large percentage of farmers did not have an opportunity to have their claims decided on the merits because they had filed late or untimely claims.

21.   A significant number of those claimants initially denied relief under the late filing procedures were similarly denied relief after a request for reconsideration of their petitions. In particular, it has been estimated that of the 20,700 requests for reconsideration, approximately 17,279 requests were denied while a mere 113 petitions were approved.

22.   On May 22, 2008, the Food and Energy Security Act of 2007 (hereinafter "Act ")

11

became law.

23. Section 5402 (b) of the Food and Energy Security Act of 2007, provides that "any *Pigford* claimant who has not previously obtained a determination of the merits of a *Pigford* claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination" (italics added).

24. The Act similarly defines a "*Pigford* Claim" as "a discrimination complaint, as defined by section 1(h) of that consent decree and documented under section 5(b) of that consent decree."

25. Pursuant to Section 5402(b) of the Food and Energy Security Act of 2007, Plaintiffs have filed the instant action.

## **JURISDICTION**

26. Jurisdiction is founded upon Section 5402(b) of the Food and Energy Security Act of 2007.

## **VENUE**

27. Venue lies in this judicial district because the claim arose in this judicial district, and pursuant to Section 5402(b) of the Food and Energy Security Act of 2007.

28. Upon information and belief, Defendant USDA, which is located in this District, is responsible for the discrimination of thousands of African-American farmers in the application, processing, and distribution of farming loans, credits, assistance, and benefits, resulting in harm and damage to Plaintiffs, making this forum appropriate for the litigation of the claims of the entire Class.

12

## PARTIES

29.    Plaintiff, Willie E Bennett is an African-American farmer residing in Roseboro, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

30.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

31.    Plaintiff was given Tracking # 4343800 and Affidavit # 06736 by the claims Monitor.

32.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

33.    Plaintiff, Jimmie  Conyers (Deceased) is an African-American farmer residing in Kingstree, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of

13

January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

34.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

35.    Plaintiff was given Tracking # 00009649500 by the claims Monitor.

36.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

37.    Plaintiff, Katie  Crosby is an African-American farmer residing in South Jordan, UT who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

14

38.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

39.   Plaintiff was given Tracking # 35487 by the claims Monitor.

40.   In or about 1974 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

41.   Plaintiff, LIZZIE CYRUS is an African-American farmer residing in Rochester, NY who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

42.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

43.   Plaintiff was given Tracking # 73229 by the claims Monitor.

44.   In or about 1981 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

15

plaintiff's race.

45.    Plaintiff, Gloria Davis is an African-American farmer residing in Kingstreet, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

46.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

47.    Plaintiff was given Tracking # 95505 by the claims Monitor.

48.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

49.    Plaintiff, Randall Dean is an African-American farmer residing in Warner Robins, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate

16

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

50.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

51.    Plaintiff was given Tracking # 30781-00 by the claims Monitor.

52.    In or about 1988 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

53.    Plaintiff, John  Doe is an African-American farmer residing in anywhere, PA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

54.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

17

the claims Monitor for reasons other than the merits of the claim.

55.     Plaintiff was given Tracking # 2008-00 Affidavit # 999999 and Claim # 77777 by the claims Monitor.

56.     In or about 2008 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

57.     Plaintiff, Mary Helen Dove is an African-American farmer residing in Louin, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

58.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

59.     Plaintiff was given Tracking # 67800 and Affidavit # 7349 by the claims Monitor.

60.     In or about 1966 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

18

plaintiff's race.

61.    Plaintiff, Charlene Easterling is an African-American farmer residing in Mount Olive, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

62.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

63.    Plaintiff was given Tracking # 34693 by the claims Monitor.

64.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

65.    Plaintiff, Roosevelt Edwards is an African-American farmer residing in Merced, CA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate

19

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

66.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

67.    Plaintiff was given Tracking # 00004325500 and Affidavit # 41130 by the claims Monitor.

68.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

69.    Plaintiff, Christopher C. Forte is an African-American farmer residing in Brandon, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

70.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

20

the claims Monitor for reasons other than the merits of the claim.

71.    Plaintiff was given Tracking # 131335 and Affidavit # 87460 by the claims Monitor.

72.    In or about 1978-80 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

73.    Plaintiff, LORETTA  FOWLER is an African-American farmer residing in Tuscaloosa, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

74.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

75.    Plaintiff was given Tracking # 135505 by the claims Monitor.

76.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

21

plaintiff's race.

77.    Plaintiff, Mamie  Gardley is an African-American farmer residing in Jackson, MS

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

78.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

79.    Plaintiff was given Tracking # 12915 and Claim # 3720 by the claims Monitor.

80.    In or about 1981 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

81.    Plaintiff, Bobby  Gibson is an African-American farmer residing in Natchez, MS

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

22

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

82.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

83.    Plaintiff was given Tracking # 30302 by the claims Monitor.

84.    In or about 1987-1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

85.    Plaintiff, Roxie  Grady is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

86.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

23

the claims Monitor for reasons other than the merits of the claim.

87.    Plaintiff was given Tracking # 11091 by the claims Monitor.

88.    In or about 1994 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

89.    Plaintiff, Edward Earl Graham is an African-American farmer residing in Kenansville,, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

90.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

91.    Plaintiff was given Tracking # 63979-00 and Claim # 14577 by the claims Monitor.

92.    In or about 2000 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

93.    Plaintiff, Wallace  Graham is an African-American farmer residing in Scranton, SC

24

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

94.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

95.     Plaintiff was given Tracking # 133972 by the claims Monitor.

96.     In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

97.     Plaintiff, Mary Griffin is an African-American farmer residing in Newton, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

25

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

98.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

99.    Plaintiff was given Claim # 1200448 by the claims Monitor.

100.    In or about 1983 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

101.    Plaintiff, Terry W. Hailey is an African-American farmer residing in Coldwater, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

102.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

103.    Plaintiff was given Tracking # 65230-00 by the claims Monitor.

104.    In or about 1988 plaintiff applied for a government loan to assist in the operation

26

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

105.    Plaintiff, Arnetha  Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

106.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

107.    Plaintiff was given Tracking # 38037 by the claims Monitor.

108.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

109.    Plaintiff, Dwight T. Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

27

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

110.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

111.    Plaintiff was given Tracking # 18827 by the claims Monitor.

112.    In or about 1996 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

113.    Plaintiff, William E. Hall is an African-American farmer residing in Beulaville, NC

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

114.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

28

the claims Monitor for reasons other than the merits of the claim.

115.    Plaintiff was given Tracking # 35208 by the claims Monitor.

116.    In or about 1994 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

117.    Plaintiff, Annie Henry is an African-American farmer residing in Madison, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

118.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

119.    Plaintiff was given Claim # 21155 by the claims Monitor.

120.    In or about 1988 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

121.    Plaintiff, Carolyn Hill is an African-American farmer residing in Grand Junction,

29

TN who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

122.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

123.    Plaintiff was given Tracking # 72288-00 by the claims Monitor.

124.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

125.    Plaintiff, Ellen D. Holmes is an African-American farmer residing in Jacksonville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

30

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

126.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

127.    Plaintiff was given Tracking # 107230 by the claims Monitor.

128.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

129.    Plaintiff, Freddie L Howard is an African-American farmer residing in Autaugaville, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

130.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

131.    Plaintiff was given Tracking # 00010755600 by the claims Monitor.

132.    In or about 1980-1985 plaintiff applied for a government loan to assist in the

31

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

133.    Plaintiff, Bettye Jackson is an African-American farmer residing in Baker, LA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

134.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

135.    Plaintiff was given Tracking # 00008607300 and Affidavit # 41940 by the claims Monitor.

136.     In or about 1971-1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

137.    Plaintiff, Carlos Jeffries is an African-American farmer residing in Holly Springs, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January

32

1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

138.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

139.    Plaintiff was given Tracking # 132121 by the claims Monitor.

140.     In or about 1998 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

141.    Plaintiff, Juanita Johnson is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

33

142.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

143.   Plaintiff was given Tracking # 43520 by the claims Monitor.

144.   In or about 1980-1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

145.   Plaintiff, Sharron V. Johnson is an African-American farmer residing in Columbus, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

146.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

147.   Plaintiff was given Tracking # 00005380200 Affidavit # 82190 and Claim # 25124 by the claims Monitor.

148.   In or about 1978 plaintiff applied for a government loan to assist in the operation

34

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

149.    Plaintiff, Teresa Johnson is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

150.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

151.    Plaintiff was given Tracking # 84292 by the claims Monitor.

152.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

153.    Plaintiff, Nelson M Joseph is an African-American farmer residing in Roseboro, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

35

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

154.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

155.    Plaintiff was given Tracking # 00010257200 and Affidavit # 40747 by the claims Monitor.

156.    In or about 1984-1988 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

157.    Plaintiff, Thelma Journey is an African-American farmer residing in Montezuma, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

36

158.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

159.   Plaintiff was given Tracking # 000000066 and Affidavit # 660099501 by the claims Monitor.

160.   In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

161.   Plaintiff, Dennis J. Jullian is an African-American farmer residing in White Castle, LA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

162.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

163.   Plaintiff was given Tracking # 27162 by the claims Monitor.

164.   In or about 1981-1983 plaintiff applied for a government loan to assist in the

37

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

165.   Plaintiff, Edward J. Langston is an African-American farmer residing in Chinquapin, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

166.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

167.   Plaintiff was given Tracking # 84023 by the claims Monitor.

168.   In or about 1995 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

169.   Plaintiff, Diane R. Linston is an African-American farmer residing in Maple Heights, OH who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

38

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

170.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

171.    Plaintiff was given Claim # 0023872 by the claims Monitor.

172.    In or about 1983 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

173.    Plaintiff, Mollie  Mack is an African-American farmer residing in Ocilla, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

174.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

39

the claims Monitor for reasons other than the merits of the claim.

175.    Plaintiff was given Tracking # 65940 by the claims Monitor.

176.    In or about 1981 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

177.    Plaintiff, Dennis  McMillian is an African-American farmer residing in Hazlehurst, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

178.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

179.    Plaintiff was given Tracking # 83628 and Affidavit # 71791 by the claims Monitor.

180.    In or about 1987 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

181.    Plaintiff, JOYNITA MURRAY is an African-American farmer residing in Palmetto, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

182.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

183.    Plaintiff was given Tracking # 35261 by the claims Monitor.

184.    In or about 1978 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

185.    Plaintiff, Joynita Murray (nee Coger) is an African-American farmer residing in Palmetto, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate

41

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

186.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

187.     Plaintiff was given Tracking # 35261 and Affidavit # 79039 by the claims

Monitor.

188.     In or about 1981 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

189.     Plaintiff, Robert  Newson is an African-American farmer residing in Chicago, IL

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

190.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

42

the claims Monitor for reasons other than the merits of the claim.

191.    Plaintiff was given Tracking # 80833-00 and Affidavit # 25837 by the claims Monitor.

192.    In or about 1988 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

193.    Plaintiff, Willie D. and Willie Mae  Owens is an African-American farmer residing in Collins, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

194.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

195.    Plaintiff was given Tracking # 34820-00 and Claim # 0024739 by the claims Monitor.

196.    In or about 1982 plaintiff applied for a government loan to assist in the operation

43

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

197.    Plaintiff, Willie M. Pace (Deceased) is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

198.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

199.    Plaintiff was given Tracking # 33486-00 by the claims Monitor.

200.     In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

201.    Plaintiff, Joe C Passmore is an African-American farmer residing in Try, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

44

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

202.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

203.    Plaintiff was given Tracking # 00003526200 by the claims Monitor.

204.    In or about 1983-1989 plaintiff applied for a government loan to assist in the

operation of plaintiff's farming operations which assistance was denied by the defendant based

solely upon plaintiff's race.

205.    Plaintiff, Beatrice G. Peters is an African-American farmer residing in Mobile, AL

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

206.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

45

the claims Monitor for reasons other than the merits of the claim.

207.    Plaintiff was given Tracking # 000074153-00 by the claims Monitor.

208.    In or about 1998 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

209.    Plaintiff, Betty Rease is an African-American farmer residing in Ambrose, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

210.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

211.    Plaintiff was given Tracking # 45199-00 by the claims Monitor.

212.    In or about 1988-1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

213.    Plaintiff, Curtis L. Rucker is an African-American farmer residing in Chicago, IL

46

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

214.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

215.    Plaintiff was given Tracking # 79365-00 and Affidavit # 77869 by the claims Monitor.

216.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

217.    Plaintiff, Victoria G. Smith is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

47

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

218.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

219.    Plaintiff was given Tracking # 00011527500 and Affidavit # 33374 by the claims Monitor.

220.    In or about 1992 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

221.    Plaintiff, CHARLES  TALIAFERRO is an African-American farmer residing in Evergreen, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

222.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

48

the claims Monitor for reasons other than the merits of the claim.

223.    Plaintiff was given Tracking # 67611 by the claims Monitor.

224.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

225.    Plaintiff, Judy M Williams is an African-American farmer residing in Salemburg, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

226.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

227.    Plaintiff was given Tracking # 7638800 and Affidavit # 10297 by the claims Monitor.

228.    In or about 1980s plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based

49

solely upon plaintiff's race.

229.    Plaintiff, Lucille Williamson is an African-American farmer residing in Louin,
MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,
and (b) applied for various loan programs with the Defendant USDA during the years of January
1, 1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

230.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

231.    Plaintiff was given Tracking # 00013108500 and Affidavit # 64401 by the claims
Monitor.

232.    In or about 1980's plaintiff applied for a government loan to assist in the
operation of plaintiff's farming operations which assistance was denied by the defendant based
solely upon plaintiff's race.

233.    Plaintiff, Juanita Woods is an African-American farmer residing in Coldwater,
MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,
and (b) applied for various loan programs with the Defendant USDA during the years of January
1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

50

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

234.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

235.    Plaintiff was given Tracking # 65171-00 by the claims Monitor.

236.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

237.    Plaintiff, Henry C Young is an African-American farmer residing in Okmulgee, OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

238.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

51

the claims Monitor for reasons other than the merits of the claim.

239.   Plaintiff was given Tracking # 31476 by the claims Monitor.

240.   In or about 1978 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

## COUNT I - REQUEST FOR RELIEF UNDER SECTION 5402 (DETERMINATION ON THE MERITS OF PIGFORD CLAIMS) OF THE FOOD AND ENERGY SECURITY ACT OF 2007

241.   Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

242.   Each of the Plaintiffs is an individual who had requested relief in the matter of *Pigford v. Glickman* but was refused compensation by the claims monitor who claimed that the Plaintiffs filed late or untimely claims. Therefore Plaintiffs never had their claims determined base upon the merits of those claims.

243.   Pursuant to Section 5402 (Determination on Merits of Pigford Claims) of the Act, Plaintiffs request that within sixty (60) days of filing of this Complaint that the Defendant provide to the Plaintiffs a report on farm credit loans made within the Plaintiffs' county or adjacent county by the Department during the period beginning on January 1 of the year preceding the year or years covered by the Complaint and ending on December 31 of the year following such year or years.

WHEREFORE, pursuant to Section 5402 (Determination on Merits of Pigford Claims), Subsection (f), of the Food and Energy Security Act of 2007, Plaintiffs, individually, demand

judgment in their favor in the amount of $50,000.00 plus other relief afforded by the Act.

Respectfully Submitted,

BY: _____
Harris L. Pogust, Esquire
D.C. Bar No. AR0001
Pogust Braslow & Millrood, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
610-941-4204 ph.
610-941-4245 fax

**DATED:** _6/8_ **2008**

## **VERIFICATION**

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____ 6/8 _____, 2008.   X _____

53

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff's foregoing Civil Action Complaint has been delivered today by hand to:

Michael B. Mukasey, U.S. Attorney General
U.S. Dep't of Justice
950 Pennsylvania Ave, NW,
Washington, D.C. 20530-0001

Jeffrey A. Taylor, U.S. Attorney for the District of Columbia
555 4th Street NW
Washington, D.C. 20530

and

Ed Schafer, Secretary, U.S. Dep't of Agriculture
1400 Independence Ave., SW
Washington, D.C. 20250

June 5, 2008                x _David Schast_____
Date                         David Schast, Paralegal
                             Pogust Braslow & Millrood, LLC
                             161 Washington Street, Suite 1520
                             Conshohocken, PA 19428
                             610-941-4204 ph.
                             610-941-4245 fax

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

WILLIE E BENNETT, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

POGUST BRASLOW & MILLROOD, LLC
161 WASHINGTON STREET, SUITE 1520
CONSHOHOCKEN, PA 19428

**DEFENDANTS**

ED SCHAFER, SECRETARY, THE UNITED
STATES DEPARTMENT OF AGRICULTURE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

O **A.** *Antitrust*

☐ 410 Antitrust

O **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

O   **E.  General Civil (Other)**      **OR**      O  **F.  Pro Se General Civil**

**Real Property**
☐ **210 Land Condemnation**
☐ **220 Foreclosure**
☐ **230 Rent, Lease & Ejectment**
☐ **240 Torts to Land**
☐ **245 Tort Product Liability**
☐ **290 All Other Real Property**

**Personal Property**
☐ **370 Other Fraud**
☐ **371 Truth in Lending**
☐ **380 Other Personal Property Damage**
☐ **385 Property Damage Product Liability**

**Bankruptcy**
☐ **422 Appeal 28 USC 158**
☐ **423 Withdrawal 28 USC 157**

**Prisoner Petitions**
☐ **535 Death Penalty**
☐ **540 Mandamus & Other**
☐ **550 Civil Rights**
☐ **555 Prison Condition**

**Property Rights**
☐ **820 Copyrights**
☐ **830 Patent**
☐ **840 Trademark**

**Federal Tax Suits**
☐ **870 Taxes (US plaintiff or defendant**
☐ **871 IRS-Third Party 26**

**Forfeiture/Penalty**
☐ **610 Agriculture**
☐ **620 Other Food &Drug**
☐ **625 Drug Related Seizure of Property 21 USC 881**
☐ **630 Liquor Laws**
☐ **640 RR & Truck**
☐ **650 Airline Regs**
☐ **660 Occupational Safety/Health**
☐ **690 Other**

**Other Statutes**
☐ **400 State Reapportionment**
☐ **430 Banks & Banking**
☐ **450 Commerce/ICC Rates/etc.**
☐ **460 Deportation**

☐ **470 Racketeer Influenced & Corrupt Organizations**
☐ **480 Consumer Credit**
☐ **490 Cable/Satellite TV**
☐ **810 Selective Service**
☐ **850 Securities/Commodities/ Exchange**
☐ **875 Customer Challenge 12 USC 3410**
☐ **900 Appeal of fee determination under equal access to Justice**
☐ **950 Constitutionality of State Statutes**
☐ **890 Other Statutory Actions (if not administrative agency review or Privacy Act**

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
SECTION 5402(B) OF THE FOOD AND ENERGY SECURITY ACT OF 2007 (PIGFORD CLAIMS REQUIRING "all claimants to file" IN THIS DISTRICT.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in compl:   **JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE  6/3/08   SIGNATURE OF ATTORNEY OF RECORD  _A. Pig_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.