UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MARY LEE AGEE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-882 (PLF) |
| ) | |
| EDWARD T. SCHAFER, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| | |
| FOREST KIMBROUGH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-901 (PLF) |
| ) | |
| EDWARD T. SCHAFER, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| | |
| LINDA ADAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-919 (PLF) |
| ) | |
| EDWARD T. SCHAFER, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| NATIONAL BLACK FARMERS ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD T. SCHAFER, Secretary,<br>United States Department of Agriculture,<br><br>    Defendant. | Civil Action No. 08-940 (PLF) |
| WILLIE E. BENNETT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD T. SCHAFER, Secretary,<br>United States Department of Agriculture,<br><br>    Defendant. | Civil Action No. 08-962 (PLF) |
| AMBROSE MCKINNEY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>EDWARD T. SCHAFER, Secretary,<br>United States Department of Agriculture,<br><br>    Defendant. | Civil Action No. 08-1062 (PLF) |

|  |  |
|---|---|
| JAMES BOLTON, *et al.*,)<br>)<br>Plaintiffs,)<br>)<br>v.)<br>)<br>EDWARD T. SCHAFER, Secretary,)<br>United States Department of Agriculture,)<br>)<br>Defendant.)<br>) | Civil Action No. 08-1070 (PLF) |

## ORDER

It has come to the Court's attention that there is a good deal of (understandable) confusion among those who may be eligible to bring suit pursuant to Section 14012 of the Food, Conservation and Energy Act of 2008 (the "Act"). For example, it appears that many people are confused – or simply uninformed – about basic issues such as (1) the purpose of the Act; (2) the eligibility requirements of the Act; (3) the relief available under the Act; (4) the distinctions among the above-named civil actions and counsel associated with those actions; (5) the status of the above-named civil actions; and (6) the effect of "signing up" with one or more firms. It also appears that much of this confusion stems from the lack of a centralized source of information about the Act and suits brought under the Act.

Of course, nobody benefits from this confusion, and the longer it continues the more costly, unwieldy and inefficient this litigation will become. Accordingly, it is hereby

ORDERED that the parties shall meet and confer about this problem on or before July 11, 2008, and be prepared to discuss proposals for alleviating it at the upcoming status conference; it is

FURTHER ORDERED that the parties shall, during the course of their discussions, consider whether the appointment of a special master would be an effective way to deal with this problem. Specifically, the parties shall discuss the possibility of appointing a special master for the purpose of providing neutral, accurate information to potential plaintiffs regarding the Act and the status of suits brought under the Act. The parties shall also discuss whether it would make sense for said special master to consult with the court-appointed Monitor in the <u>Pigford</u> case about coordination of any communication efforts between the special master and the <u>Pigford</u> Monitor; and it is

FURTHER ORDERED that if the parties agree that a special master would be an effective way to ensure that potential plaintiffs are adequately informed about the Act and suits brought under the Act, the parties shall be prepared to discuss candidates for the position at the upcoming status conference.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 7/3/08