## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE E BENNETT<br>1183 MARION AMOS RD<br>ROSEBORO, NC 28382 | ) )<br>) )<br>) |
| JIMMIE  CONYERS (DECEASED)<br>C/O GLORIA DAVIS<br>621 KINDALE PARK ROAD<br>KINGSTREE, SC 29556 | )<br>) **Civil Action No.: 08-cv-962 PLF**<br>)<br>) |
| KATIE  CROSBY<br>11267 LUCAS LANE<br>SOUTH JORDAN, UT 84095 | )<br>)<br>)<br>) |
| LIZZIE  CYRUS<br>123 STOVER ROAD<br>ROCHESTER, NY 14624 | )<br>)<br>)<br>) |
| GLORIA  DAVIS<br>621 KINDALE PARK ROAD<br>KINGSTREET, SC 29556 | )<br>)<br>)<br>) |
| RANDALL  DEAN<br>104 STROMAN WAY<br>WARNER ROBINS, GA 31088 | )<br>)<br>)<br>) |
| MARY HELEN DOVE<br>160 CR 131<br>LOUIN, MS 39338 | )<br>)<br>)<br>) |
| CHARLENE  EASTERLING<br>1003 JANESVILLE ROAD<br>MOUNT OLIVE, MS 39119 | )<br>)<br>)<br>) |

ROOSEVELT  EDWARDS JR )
PO BOX 3371 )
MERCED, CA 95344 )
)
CHRISTOPHER C. FORTE )
105 BRIDGEPOINTE BLVD )
BRANDON, MS 39047 )
)
LORETTA  FOWLER )
3527 35TH STREET )
TUSCALOOSA, AL 35401 )
)
MAMIE  GARDLEY )
184 DURANVILLE DRIVE )
JACKSON, MS 39212 )
)
BOBBY  GIBSON )
725 MAPLE STREET )
NATCHEZ, MS 39120 )
)
ROXIE  GRADY )
1905 JACKSON CIRCLE )
DOUGLAS, GA 31533 )
)
EDWARD EARL GRAHAM )
300 SUMMERLINS CROSSROAD )
KENANSVILLE,, NC 28349 )
)
WALLACE  GRAHAM )
2253 HICKSON ROAD )
SCRANTON, SC 29591 )
)
MARY  GRIFFIN )
24 MCREAL DRIVE )
NEWTON, AL 36352 )
)

2

TERRY W. HAILEY )
701 DEANTOWN ROAD )
COLDWATER, MS 38618 )
)
ARNETHA  HALL )
294 JOE HOP WILLIAMS ROAD )
BEULAVILLE, NC 28518 )
)
DWIGHT T. HALL )
260 JOE HOP WILLIAMS ROAD )
BEULAVILLE, NC 28518 )
)
WILLIAM E. HALL )
294 JOE HOP WILLIAMS ROAD )
BEULAVILLE, NC 28518 )
)
ANNIE  HENRY )
2551 BUCKHEAD ROAD )
MADISON, GA 30650 )
)
CAROLYN  HILL )
PO BOX 532 )
GRAND JUNCTION, TN 38039 )
)
ELLEN D. HOLMES )
1830 WILMINGTON HIGHWAY )
APARTMENT 111 )
JACKSONVILLE, NC 28540 )
)
FREDDIE L HOWARD )
P.O. BOX 221 )
AUTAUGAVILLE, AL 36003 )
)
BETTYE  JACKSON )
4211 IRONWOOD AVE )
BAKER, LA 70714 )
)

CARLOS  JEFFRIES                    )
26 LILLIE COVE                      )
HOLLY SPRINGS, MS 38635             )
                                    )
JUANITA  JOHNSON                    )
812 W. BEAVER CIRCLE                )
DOUGLAS, GA 31533                   )
                                    )
SHARRON V. JOHNSON                  )
1657 NORTH PARK AVENUE              )
COLUMBUS, MS 39429                  )
                                    )
TERESA  JOHNSON                     )
612A WEST PHILLIP STREET            )
DOUGLAS, GA 31533                   )
                                    )
NELSON M JOSEPH                     )
PO BOX 1222                         )
ROSEBORO, NC 28382                  )
                                    )
THELMA  JOURNEY                     )
PO BOX 691                          )
MONTEZUMA, GA 31063                 )
                                    )
DENNIS J. JULLIAN                   )
PO BOX 108                          )
WHITE CASTLE, LA 70178             )
                                    )
EDWARD J. LANGSTON                  )
381 PICKETT BAY ROAD               )
CHINQUAPIN, NC 28521               )
                                    )
DIANE R. LINSTON                    )
21506 CLARE AVENUE                 )
MAPLE HEIGHTS, OH 44137            )
                                    )

4

MOLLIE  MACK                                        )
412 NORTH HILL STONE DRIVE                          )
OCILLA, GA 31774                                    )
                                                    )
DENNIS  MCMILLIAN                                   )
4044 OLD NATCHEZ ROAD                               )
HAZLEHURST, MS 39601                                )
                                                    )
JOYNITA  MURRAY                                     )
2205 SECOND AVENUE EAST                             )
PALMETTO, FL 34221                                  )
                                                    )
JOYNITA  MURRAY (NEE COGER)                         )
2205 SECOND AVE EAST                                )
PALMETTO, FL 34221                                  )
                                                    )
ROBERT  NEWSON JR.                                  )
7731 S. HERMITAGE                                   )
CHICAGO, IL 60620                                   )
                                                    )
WILLIE D. AND WILLIE MAE  OWENS                     )
32 BUSTER OWENS LANE                                )
COLLINS, MS 39428                                   )
                                                    )
WILLIE M. PACE (DECEASED)                           )
C/O DORTHA P JOHNSON                                )
1602 BELAIR CIRCLE                                  )
DOUGLAS, GA 31533                                   )
                                                    )
JOE C PASSMORE                                      )
568 CITY ROAD 3347                                  )
TRY, AL 36079                                       )
                                                    )
BEATRICE G. PETERS                                  )
809 GAYLE STREET                                    )
MOBILE, AL 36604                                    )
                                                    )

5

BETTY REASE )
760 WOODROW HARPER ROAD )
AMBROSE, GA 31512 )
)
CURTIS L. RUCKER )
7731 S. HERMITAGE )
CHICAGO, IL 60620 )
)
VICTORIA G. SMITH )
1609 BELAIR CIRCLE )
DOUGLAS, GA 31533 )
)
CHARLES TALIAFERRO )
26520 HWY 84 )
EVERGREEN, AL 36401 )
)
JUDY M WILLIAMS )
684 LAKEWOOD SCHOOL ROAD )
SALEMBURG, NC 28385 )
)
LUCILLE WILLIAMSON )
PO BOX 92 )
LOUIN, MS 39338 )
)
JUANITA WOODS )
6369 EAST TATE ROAD )
COLDWATER, MS 38618 )
)
HENRY C YOUNG )
10055 DENTONVILLE ROAD )
OKMULGEE, OK 74447 )
)

6

|                                                      |     |
|------------------------------------------------------|-----|
| PLAINTIFFS,                                          | )   |
| v.                                                   | )   |
|                                                      | )   |
| ED SCHAFER, SECRETARY, THE UNITED                    | )   |
| STATES DEPARTMENT OF AGRICULTURE,                    | )   |
| 14TH AND INDEPENDENCE AVENUE, SW                     | )   |
| WASHINGTON, D.C. 20250                               | )   |
|                                                      | )   |
| DEFENDANT,                                           | )   |
|                                                      | )   |

## AMENDED COMPLAINT - CIVIL ACTION

Plaintiffs, by and through their attorneys, POGUST & BRASLOW & MILLROOD,

LLC, allege upon information and belief the following:

## NATURE OF ACTION

This case involves the United States Department of Agriculture's (herein "USDA"),

failure to adequately process, review, and adjudicate, claims made by African American farmers

for farm loans, credits, benefits, and participation in federal farm programs pursuant to the

settlement terms and consent decree entered into in the matter of *Timothy Pigford v. Dan

Glickman, Secretary, United States Department of Agriculture.*

1.    The USDA's Farm Service Agency ("FSA"), formed in 1994, provides commodity

program benefits including but not limited to deficiency payments, price support loans,

conservation reserve benefits, disaster payments, farm loans and other farm credits benefits to

U.S. farmers.

2.    Defendant Ed Schafer, Secretary of the United States Department of Agriculture

("USDA") is the federal official responsible for the administration of the FSA and administers

7

the federal farm programs through a review system consisting of: 1) county offices and

committees, (2) state offices and committees, and (3) a federal level of review in Washington,

D.C., the National Appeals Division ("NAD").

     3.   The process by which farmers apply for FSA loans, included in pertinent part,

an application and review through county and states offices, pursuant to 7 C.F.R. § 1910

*et. seq.*; 7 C.F.R. § Part 700, *et. seq.*, and Commodity Credit Corporation ("CCC')

Regulations, 7 C.F.R. § 1400 *et .seq.*

     4.   As a result of Title VI Civil Rights Act of 1964, the USDA promulgated

regulations setting forth that "no person in the United States shall, on the ground race, color, or

national origin, be excluded from participation in, be denied the benefits of, or be otherwise

subjected to discrimination under any program or activity o fan applicant or recipient receiving

Federal financial assistance from the Department of Agriculture or any Agency thereof." 7

C.F.R. § 15.1.

     5.   Furthermore, the Equal Credit Opportunity Act ("EEOA") prohibits discrimination

in the application of credit based on sex, martial status, race, color, age, or national origin, and

religion. 15 U.S.C. § 1691(a).

     6.   Despite the various federal standards and regulations, there arose among African-

American farmers allegations of unfair and discriminatory treatment when applying to local

county committees for farm loans and assistance.

     7.   In 1983, the USDA disbanded its Office of Civil Rights and discontinued its

investigation and adjudication of claims of discrimination, leaving a significant number of

8

African American farmers with unresolved Complaints.

8.    As a result, significant economic disparities continued to develop between African-American and white farmers, where "the participation of black farmers in the FHA loan program fell from 5.4 percent in 1980 to 1.5 in 1986 [where] between 1981 and 1984 the percentage of FHA loans going to whites increased from 87 to 91 percent."

9.    In response to such complaints, the USDA commissioned a study to "analyze the treatment of minorities … in FSA programs and study" and concluded that "minority participation in FSA programs was very low and received less than their fair share of USDA money for crop payments, disaster payments, and loans."

10.    In December of 1996, the USDA by way of former Secretary of Agriculture, Dan Glickman, appointed a Civil Rights Action Team (CRAT) and a USDA Civil Rights Task Force, which after examining the issue of discrimination, similarly concluded that "minority farmers have lost significant amounts of land and potential farm income as a result of discrimination by FSA programs and the programs of its predecessor agencies … the process for resolving complaints has failed … appeals are often delayed and for too long … favorable decisions are too often reversed."

11.    A separate report by the Office of Inspector General of the USDA also determined that "the USDA had a backlog of complaints of discrimination that had never been processed, investigated, or resolved."

9

12.   On August 28, 1997, three African American farmers on behalf of themselves
and a class six-hundred and forty-one other African American farmers, in the matter of
*Timothy Pigford v. Dan Glickman*, *Secretary, United States Department of Agriculture*, 185
F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 97-1978) filed in this Court, suit claiming
"racial discrimination in the administration of the USDA programs..." and claims for
violations of the Fifth Amendment; the Administrative Procedure Act, 5 U.S.C. § 551 et.
seq.; Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 2000d; and the Equal Credit
Opportunity Act ("ECOA"); and 15 U.S.C. § 1691. *Id.* at 185 F.R.D. 82, 89 (1999).

13.   In July of 1998, another class action, *Cecil Brewington v. Dan Glickman,
Secretary, United States Department of Agriculture* 185 F.R.D. 82 (D.D.C. April 14,
1999) (NO. CIV. A. 98-1693), was filed with similar allegations and eventually
consolidated with *Pigford* matter. 185 F.R.D. 82, 89 (April 14, 1999).

14.   On April 14, 1999 this Court ordered by way of a Consent Decree, a settlement of
such discrimination claims, allowing class members to choose between two claims procedures,
known as Track A and Track B.

15.   Pursuant to the Consent Decree, a class member was eligible to participate in the
settlement if they met the following criteria: An African American who (1) farmed or attempted
to farm between January 1981 and December 31, 1996, (2) applied to USDA for farm credit or
program benefits and believes he or she was discriminated against by the USDA on the basis of
race, and (3) made a complaint against the USDA on or before July 1, 1997.

16.   In order to provide for relief for those class members that had "little in the way of

documentation or proof of either discriminatory treatment or damages suffered", Track A

claimants were allowed to "meet only a minimal burden of proof (i.e. substantial evidence or

reasonable basis for finding discrimination)". Upon the proof of such discrimination the

claimant would be entitled to an award of $50,000.00.

17.    For Track B claims, claimants were required to prove discrimination by a

"preponderance of evidence". Such claims were not limited by any cap on the damages

recoverable.

18.    Since this Court's April 14, 1999 approval of the Consent Decree, a significant

number of appeals, motions, and procedural amendments have followed, on the basis that the

Consent Decree was "unfair in certain respects and should be set aside."

19.    Specifically, there is evidence of large percentage of denials among Track A and

Track B Claimants, where African American farmers have experienced "poor access to USDA

files" and therefore could not adequately demonstrate discrimination.

20.    Subsequent reports of the Consent Decree have similarly concluded that a large

percentage of farmers did not have an opportunity to have their claims decided on the merits

because they had filed late or untimely claims.

21.    A significant number of those claimants initially denied relief under the late filing

procedures were similarly denied relief after a request for reconsideration of their petitions. In

particular, it has been estimated that of the 20,700 requests for reconsideration, approximately

17,279 requests were denied while a mere 113 petitions were approved.

22.    On May 22, 2008, the Food, Conservation, and Energy Act of 2008, Pub. L. No.

110-234, 122 Stat. 923 (2008) (hereinafter "Act ") became law.

23. Section 14012(b) of the Food, Conservation, and Energy Act of 2008, provides that "any *Pigford* claimant who has not previously obtained a determination of the merits of a *Pigford* claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination" (italics added).

24. The Act similarly defines a "*Pigford* Claim" as "a discrimination complaint, as defined by section 1(h) of that consent decree and documented under section 5(b) of that consent decree."

25. Pursuant to Section 14012(b) of the Food, Conservation, and Energy Act of 2008, Plaintiffs have filed the instant action.

## JURISDICTION

26. Jurisdiction is founded upon Section 14012(b) of the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-234, 122 Stat. 923 (2008).

## VENUE

27. Venue lies in this judicial district because the claim arose in this judicial district, and pursuant to Section 14012(b) of the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-234, 122 Stat. 923 (2008).

28. Upon information and belief, Defendant USDA, which is located in this District, is responsible for the discrimination of thousands of African-American farmers in the application, processing, and distribution of farming loans, credits, assistance, and benefits, resulting in harm and damage to Plaintiffs, making this forum appropriate for the litigation of the claims of the

12

entire Class.

## PARTIES

29.    Plaintiff, Willie E Bennett is an African-American farmer residing in Roseboro, NC
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

30.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

31.    Plaintiff was given Tracking # 4343800 and Affidavit # 06736 by the claims
Monitor.

32.    In or about 1980's plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

33.    Plaintiff, Jimmie  Conyers (Deceased) is an African-American farmer residing in
Kingstree, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31,

13

1996, and (b) applied for various loan programs with the Defendant USDA during the years of

January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

34.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

35.     Plaintiff was given Tracking # 00009649500 by the claims Monitor.

36.     In or about 1980 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

37.     Plaintiff, Katie  Crosby is an African-American farmer residing in South Jordan,

UT who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

38.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

39.    Plaintiff was given Tracking # 35487 by the claims Monitor.

40.    In or about 1974 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

41.    Plaintiff, LIZZIE CYRUS is an African-American farmer residing in Rochester, NY who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

42.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

43.    Plaintiff was given Tracking # 73229 by the claims Monitor.

44.    In or about 1981 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

45.    Plaintiff, Gloria  Davis is an African-American farmer residing in Kingstreet, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

46.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

47.    Plaintiff was given Tracking # 95505 by the claims Monitor.

48.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

49.    Plaintiff, Randall  Dean is an African-American farmer residing in Warner Robins, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

16

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

  50. Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

  51. Plaintiff was given Tracking # 30781-00 by the claims Monitor.

  52. In or about 1988 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

  53. Plaintiff, Mary Helen Dove is an African-American farmer residing in Louin, MS

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

  54. Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

17

the claims Monitor for reasons other than the merits of the claim.

55.    Plaintiff was given Tracking # 67800 and Affidavit # 7349 by the claims Monitor.

56.    In or about 1966 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

57.    Plaintiff, Charlene Easterling is an African-American farmer residing in Mount Olive, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

58.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

59.    Plaintiff was given Tracking # 34693 by the claims Monitor.

60.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

61.    Plaintiff, Roosevelt Edwards is an African-American farmer residing in Merced,

18

CA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

62.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

63.    Plaintiff was given Tracking # 00004325500 and Affidavit # 41130 by the claims Monitor.

64.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

65.    Plaintiff, Christopher C. Forte is an African-American farmer residing in Brandon, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

19

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

66.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

67.    Plaintiff was given Tracking # 131335 and Affidavit # 87460 by the claims Monitor.

68.    In or about 1978-80 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

69.    Plaintiff, LORETTA FOWLER is an African-American farmer residing in Tuscaloosa, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

70.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

20

the claims Monitor for reasons other than the merits of the claim.

71.    Plaintiff was given Tracking # 135505 by the claims Monitor.

72.    In or about 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

73.    Plaintiff, Mamie Gardley is an African-American farmer residing in Jackson, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

74.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

75.    Plaintiff was given Tracking # 12915 and Claim # 3720 by the claims Monitor.

76.    In or about 1981 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

77.    Plaintiff, Bobby Gibson is an African-American farmer residing in Natchez, MS

21

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

78.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

79.    Plaintiff was given Tracking # 30302 by the claims Monitor.

80.    In or about 1987-1989 plaintiff applied for a government loan to assist in the
operation of plaintiff's farming operations which assistance was denied by the defendant based
solely upon plaintiff's race.

81.    Plaintiff, Roxie  Grady is an African-American farmer residing in Douglas, GA
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

22

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

82.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

83.    Plaintiff was given Tracking # 11091 by the claims Monitor.

84.    In or about 1994 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

85.    Plaintiff, Edward Earl Graham is an African-American farmer residing in

Kenansville,, NC who: (a) farmed or attempted to farm between January 1, 1981 and December

31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years

of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

86.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

87.    Plaintiff was given Tracking # 63979-00 and Claim # 14577 by the claims Monitor.

88.    In or about 2000 plaintiff applied for a government loan to assist in the operation

23

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

89.    Plaintiff, Wallace Graham is an African-American farmer residing in Scranton, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

90.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

91.    Plaintiff was given Tracking # 133972 by the claims Monitor.

92.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

93.    Plaintiff, Mary Griffin is an African-American farmer residing in Newton, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

24

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

94.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

95.    Plaintiff was given Claim # 1200448 by the claims Monitor.

96.    In or about 1983 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

97.    Plaintiff, Terry W. Hailey is an African-American farmer residing in Coldwater, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

98.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

25

the claims Monitor for reasons other than the merits of the claim.

99.    Plaintiff was given Tracking # 65230-00 by the claims Monitor.

100.    In or about 1988 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

101.    Plaintiff, Arnetha Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

102.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

103.    Plaintiff was given Tracking # 38037 by the claims Monitor.

104.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

105.    Plaintiff, Dwight T. Hall is an African-American farmer residing in Beulaville, NC

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

106.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

107.    Plaintiff was given Tracking # 18827 by the claims Monitor.

108.    In or about 1996 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

109.    Plaintiff, William E. Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

27

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

110.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

111.    Plaintiff was given Tracking # 35208 by the claims Monitor.

112.    In or about 1994 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

113.    Plaintiff, Annie Henry is an African-American farmer residing in Madison, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

114.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

115.    Plaintiff was given Claim # 21155 by the claims Monitor.

116.    In or about 1988 plaintiff applied for a government loan to assist in the operation

28

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

117.    Plaintiff, Carolyn  Hill is an African-American farmer residing in Grand Junction, TN who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

118.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

119.    Plaintiff was given Tracking # 72288-00 by the claims Monitor.

120.     In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

121.    Plaintiff, Ellen D. Holmes is an African-American farmer residing in Jacksonville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

29

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

122.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

123.    Plaintiff was given Tracking # 107230 by the claims Monitor.

124.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

125.    Plaintiff, Freddie L Howard is an African-American farmer residing in Autaugaville, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

126.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

30

the claims Monitor for reasons other than the merits of the claim.

127.   Plaintiff was given Tracking # 00010755600 by the claims Monitor.

128.   In or about 1980-1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

129.   Plaintiff, Bettye  Jackson is an African-American farmer residing in Baker, LA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

130.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

131.   Plaintiff was given Tracking # 00008607300 and Affidavit # 41940 by the claims Monitor.

132.   In or about 1971-1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based

solely upon plaintiff's race.

133.    Plaintiff, Carlos Jeffries is an African-American farmer residing in Holly Springs, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

134.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

135.    Plaintiff was given Tracking # 132121 by the claims Monitor.

136.    In or about 1998 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

137.    Plaintiff, Juanita Johnson is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate

32

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

138.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

139.    Plaintiff was given Tracking # 43520 by the claims Monitor.

140.    In or about 1980-1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

141.    Plaintiff, Sharron V. Johnson is an African-American farmer residing in Columbus, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

142.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

33

the claims Monitor for reasons other than the merits of the claim.

143.    Plaintiff was given Tracking # 00005380200 Affidavit # 82190 and Claim # 25124 by the claims Monitor.

144.    In or about 1978 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

145.    Plaintiff, Teresa Johnson is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

146.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

147.    Plaintiff was given Tracking # 84292 by the claims Monitor.

148.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

149.    Plaintiff, Nelson M Joseph is an African-American farmer residing in Roseboro,

NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

150.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

151.    Plaintiff was given Tracking # 00010257200 and Affidavit # 40747 by the claims

Monitor.

152.    In or about 1984-1988 plaintiff applied for a government loan to assist in the

operation of plaintiff's farming operations which assistance was denied by the defendant based

solely upon plaintiff's race.

153.    Plaintiff, Thelma  Journey is an African-American farmer residing in Montezuma,

GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,

and (b) applied for various loan programs with the Defendant USDA during the years of January

1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

35

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

154.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

155.    Plaintiff was given Tracking # 000000066 and Affidavit # 660099501 by the claims Monitor.

156.    In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

157.    Plaintiff, Dennis J. Jullian is an African-American farmer residing in White Castle, LA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

36

158.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

159.    Plaintiff was given Tracking # 27162 by the claims Monitor.

160.    In or about 1981-1983 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

161.    Plaintiff, Edward J. Langston is an African-American farmer residing in Chinquapin, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

162.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

163.    Plaintiff was given Tracking # 84023 by the claims Monitor.

164.    In or about 1995 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

37

plaintiff's race.

165. Plaintiff, Diane R. Linston is an African-American farmer residing in Maple

Heights, OH who: (a) farmed or attempted to farm between January 1, 1981 and December 31,

1996, and (b) applied for various loan programs with the Defendant USDA during the years of

January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

166. Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

167. Plaintiff was given Claim # 0023872 by the claims Monitor.

168. In or about 1983 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

169. Plaintiff, Mollie Mack is an African-American farmer residing in Ocilla, GA who:

(a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

38

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

170.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

171.    Plaintiff was given Tracking # 65940 by the claims Monitor.

172.    In or about 1981 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

173.    Plaintiff, Dennis McMillian is an African-American farmer residing in Hazlehurst,

MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,

and (b) applied for various loan programs with the Defendant USDA during the years of January

1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

174.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

39

the claims Monitor for reasons other than the merits of the claim.

175.    Plaintiff was given Tracking # 83628 and Affidavit # 71791 by the claims Monitor.

176.    In or about 1987 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

177.    Plaintiff, JOYNITA MURRAY is an African-American farmer residing in Palmetto, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

178.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

179.    Plaintiff was given Tracking # 35261 by the claims Monitor.

180.    In or about 1978 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

40

plaintiff's race.

181.    Plaintiff, Joynita Murray (nee Coger) is an African-American farmer residing in
Palmetto, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31,
1996, and (b) applied for various loan programs with the Defendant USDA during the years of
January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

182.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

183.    Plaintiff was given Tracking # 35261 and Affidavit # 79039 by the claims
Monitor.

184.    In or about 1981 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

185.    Plaintiff, Robert Newson is an African-American farmer residing in Chicago, IL
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial

41

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

186.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

187.    Plaintiff was given Tracking # 80833-00 and Affidavit # 25837 by the claims

Monitor.

188.    In or about 1988 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

189.    Plaintiff, Willie D. and Willie Mae  Owens is an African-American farmer residing

in Collins, MS who: (a) farmed or attempted to farm between January 1, 1981 and December

31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years

of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

190.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

191.    Plaintiff was given Tracking # 34820-00 and Claim # 0024739 by the claims Monitor.

192.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

193.    Plaintiff, Willie M. Pace (Deceased) is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

194.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

195.    Plaintiff was given Tracking # 33486-00 by the claims Monitor.

196.    In or about 1980's plaintiff applied for a government loan to assist in the

43

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

197.    Plaintiff, Joe C Passmore is an African-American farmer residing in Try, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

198.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

199.    Plaintiff was given Tracking # 00003526200 by the claims Monitor.

200.    In or about 1983-1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

201.    Plaintiff, Beatrice G. Peters is an African-American farmer residing in Mobile, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

44

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

202.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

203.    Plaintiff was given Tracking # 000074153-00 by the claims Monitor.

204.    In or about 1998 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

205.    Plaintiff, Betty Rease is an African-American farmer residing in Ambrose, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

206.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

45

the claims Monitor for reasons other than the merits of the claim.

207.    Plaintiff was given Tracking # 45199-00 by the claims Monitor.

208.    In or about 1988-1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

209.    Plaintiff, Curtis L. Rucker is an African-American farmer residing in Chicago, IL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

210.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

211.    Plaintiff was given Tracking # 79365-00 and Affidavit # 77869 by the claims Monitor.

212.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

213.    Plaintiff, Victoria G. Smith is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

214.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

215.    Plaintiff was given Tracking # 00011527500 and Affidavit # 33374 by the claims Monitor.

216.    In or about 1992 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

217.    Plaintiff, CHARLES TALIAFERRO is an African-American farmer residing in Evergreen, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

47

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

218.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

219.    Plaintiff was given Tracking # 67611 by the claims Monitor.

220.    In or about 1980 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

221.    Plaintiff, Judy M Williams is an African-American farmer residing in Salemburg,

NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

222.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

48

the claims Monitor for reasons other than the merits of the claim.

223.    Plaintiff was given Tracking # 7638800 and Affidavit # 10297 by the claims Monitor.

224.    In or about 1980s plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

225.    Plaintiff, Lucille Williamson is an African-American farmer residing in Louin, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

226.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

227.    Plaintiff was given Tracking # 00013108500 and Affidavit # 64401 by the claims Monitor.

228.    In or about 1980's plaintiff applied for a government loan to assist in the

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

229.    Plaintiff, Juanita Woods is an African-American farmer residing in Coldwater, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

230.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

231.    Plaintiff was given Tracking # 65171-00 by the claims Monitor.

232.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

233.    Plaintiff, Henry C Young is an African-American farmer residing in Okmulgee, OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

50

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

234.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

235.    Plaintiff was given Tracking # 31476 by the claims Monitor.

236.    In or about 1978 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

## COUNT I - REQUEST FOR RELIEF UNDER SECTION 14012 (DETERMINATION ON MERITS OF PIGFORD CLAIMS) OF THE FOOD, CONSERVATION, AND ENERGY ACT OF 2008

237.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if

fully set forth herein.

238.    Each of the Plaintiffs is an individual who had requested relief in the matter of

*Pigford v. Glickman* but was refused compensation by the claims monitor who claimed that the

Plaintiffs filed late or untimely claims. Therefore Plaintiffs never had their claims determined base

upon the merits of those claims.

239.    Pursuant to Section 14012 (Determination on Merits of Pigford Claims) of the

Act, Plaintiffs request that within one hundred twenty (120) days of filing of this Complaint that

the Defendant provide to the Plaintiffs a report on farm credit loans made within the Plaintiffs'

county or adjacent county by the Department during the period beginning on January 1 of the

year preceding the year or years covered by the Complaint and ending on December 31 of the

year following such year or years.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

(A) Provide a process for each Plaintiff to file his or her Pigford claim, either under Section

14012(f) of the Act for expedited resolution and liquidated damages or Section 14012(g) for

actual damages.

(B) Order Defendant to provide to each Plaintiff – within 120 days of receiving notice of each

Plaintiff's claim – a report on farm credit loans and noncredit benefits made within each

Plaintiff's county and meet all other requirements of Section 14012(e) of the Act;

(C) Provide each Plaintiff a determination on the merits of his or her claim;

(D) Award each Plaintiff either (a) the actual damages he/she sustained as a result of

discrimination by the USDA; or (b) liquidated damages in the amount of $50,000 for each

Plaintiff; or (c) liquidated damages in the amount of $3,000 for non-credit benefit claims;

(E) Order Defendant to discharge any debts incurred by the Plaintiffs under, or that were

affected by, such discrimination;

(F) Order Defendant to make a tax payment for each Plaintiff, in the amount equal to 25 percent

of any liquidated damages and any loan principal discharged;

(G) Order Defendant to pay for Plaintiffs' costs, including attorneys' fees; and

52

(H) Grant such other and further relief that the Court deems to be just and equitable.

Respectfully Submitted,

BY:

Harris L. Pogust, Esquire
D.C. Bar No. AR0001
Pogust Braslow & Millrood, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
610-941-4204 ph.
610-941-4245 fax

**DATED:** 8/4/08  **2008**

## **VERIFICATION**

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____ 8/11 _____, 2008.  X _____

53